UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PHILLIP SANTAVENERE,

                     Plaintiff,

               -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER JOSEPH CUERVO, Shield No. 27083, Individually and in his Official Capacity and Lt. IAN RULE, Individually and in his Official Capacity,

                     Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**14 CV 3103 (ER)**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff PHILLIP SANTAVENERE, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff PHILLIP SANTAVENERE is and African American male and has been at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. JOSEPH CUERVO and LT. IAN RULE were a duly sworn police officers of said department and as acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about May 9, 2013, at approximately 2:40 a.m., plaintiff PHILLIP SANTAVENERE was lawfully present in the vicinity of Sullivan Street and Bleecker Street, New York, NY.

14. At the aforesaid time and place, plaintiff PHILLIP SANTAVENERE, was eating a sandwich when defendant officers accosted him.

15. Defendants slammed plaintiff to the floor, kicked him in the knee and sprayed him with mace.

16. Shortly thereafter, defendants placed plaintiff under arrest, handcuffing his arms tightly behind his back, and transported him to a nearby precinct, despite the fact that there was no evidence of criminal activity.

17. Plaintiff was charged with Resisting Arrest and Disorderly Conduct.

18. At no time on May 9, 2013, did plaintiff PHILLIP SANTAVENERE resist arrest or behave disorderly or unlawful in anyway.

19. At no time on or about May 9, 2013, did defendants possess probable cause to arrest plaintiff.

20. At no time on May 9, 2013, did defendant officers possess information that would lead a reasonable officer to believe plaintiff PHILLIP SANTAVENERE had engaged in any criminal or unlawful activity whatsoever.

21. In connection with plaintiff's arrest, defendants filed false and misleading information to the District Attorneys Office stating in sum and substance that plaintiff refused to move when ordered to by defendants and that plaintiff pushed defendant and flailed his arms.

22. As a result of his unlawful arrest, plaintiff PHILLIP SANTAVENERE spent approximately eighteen (18) hours in custody and approximately four (4) months making court appearances until all charges against him were dismissed on September 11, 2013.

23. As a result of the foregoing, plaintiff PHILLIP SANTAVENERE sustained, *inter alia*, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff PHILLIP SANTAVENERE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants misrepresented and falsified evidence before the District Attorney.

35. Defendants did not make a complete and full statement of facts to the District Attorney.

36. Defendants withheld exculpatory evidence from the District Attorney.

37. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff PHILLIP SANTAVENERE.

38. Defendants lacked probable cause to initiate criminal proceedings against plaintiff PHILLIP SANTAVENERE.

39. Defendants acted with malice in initiating criminal proceedings against plaintiff PHILLIP SANTAVENERE.

40. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff PHILLIP SANTAVENERE.

41. Defendants lacked probable cause to continue criminal proceedings against plaintiff PHILLIP SANTAVENERE.

42. Defendants acted with malice in continuing criminal proceedings against plaintiff PHILLIP SANTAVENERE.

43. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

44. Specifically, defendants falsely and knowingly alleged, *inter alia*, that they asked plaintiff to leave and he refused to do so, that plaintiff pushed defendants and that plaintiff flailed his arms.

45. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff PHILLIP SANTAVENERE's favor on or about September 11, 2013 when the charges against her were dismissed.

46. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" as if the same were more fully set forth at length herein.

48. Defendants created false evidence against plaintiff PHILLIP SANTAVENERE.

49. Specifically, defendants falsely and knowingly alleged, *inter alia*, that they asked plaintiff to leave and he refused to do so, that plaintiff pushed defendants and that plaintiff flailed his arms.

50. Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

51. Defendants misled the prosecutors by creating false evidence against plaintiff PHILLIP SANTAVENERE and thereafter providing false testimony throughout the criminal proceedings.

52. In creating false evidence against plaintiff PHILLIP SANTAVENERE, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FIFTH CLAIM FOR RELIEF ARISING UNDER THE JANUARY 23, 2012 INCIDENT
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

56. As a result of the foregoing, plaintiff PHILLIP SANTAVENERE sustained, inter alia, severe bodily injuries including, but not limited to, injuries to his fingers, his hand an his knee.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

59. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are

            supported by the requisite cause or suspicion mandated by the Constitution;

    ii.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

    iii.    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff PHILLIP SANTAVENERE's constitutional rights.

65. The acts complained of deprived plaintiff of his rights:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unlawful search;

  D. Not to have summary punishment imposed upon him; and

  E. To receive equal protection under the law.

66. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

## PENDANT STATE CLAIMS

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. On or about December 4, 2013 and within (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

69. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

70. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing took place on February 18, 2014.

71. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

72. Plaintiff has complied with all conditions precedent to maintaining the instant action.

73. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

74.	Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.	The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

76.	The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

77.	The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

78.	The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

79.	As a result of the aforementioned conduct, plaintiff suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

**SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**MALICIOUS PROSECUTION**

80.	Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.	 On May 9, 2013, defendants commenced a criminal proceeding against plaintiff PHILLIP SANTAVENERE.

82.	Defendants lacked probable cause to commence said criminal proceeding against plaintiff PHILLIP SANTAVENERE.

83.    Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff PHILLIP SANTAVENERE.

84.    Plaintiff was forced to make an appearance in Criminal Court to defend himself against the unlawful prosecution initiated by defendants.

85.    On September 11, 2013, the criminal prosecution against plaintiff PHILLIP SANTAVENERE was terminated in his favor when the charges against her were dismissed.

86.    As a result of the aforementioned conduct, plaintiff suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

87.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.    Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

89.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

90.    Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

  i.  an order awarding compensatory damages in an amount to be determined

      at trial;

  ii.  an order awarding punitive damages in an amount to be determined at trial;

  iii.  reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

  iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       April 25, 2014

 

BY:_____/s_____
GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com